UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Priest Kevin Singleton-Bey, | ) | C/A No. 4:13-1648-JMC-TER |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| LT. T. Greer, | ) ) ) | |
| Defendant. | ) ) | |

This is a civil action filed *pro se* by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Priest Kevin Singleton-Bey ("Plaintiff") is a federal prisoner, confined at the time of filing of this Complaint at FCI-Estill, in Estill, South Carolina. He complains of being placed in administrative segregation before being convicted of a charged disciplinary violation, asserting that this improper confinement violates his religious freedom to speak to others about his and their faith, his due process rights, and his right to equal protection of the law. ECF No. 1, Compl. 2-4. Despite his allegations of constitutional violations, the only specific relief requested is "protection under the equal protection act." *Id*. Attach.2, at 5.

In response to the questions about exhaustion of administrative remedies on the complaint

form that Plaintiff completed in response to the initial Order issued in this case, ECF No. 7, Plaintiff acknowledges that he did not complete the full Federal Bureau of Prisons ("BOP") administrative process before filing this case. He states that he submitted a "letter" to the "Regional Director and Attorney General" on June 15, 2013 (the same day that he mailed his Complaint to this Court), ECF No. 1, Compl. Attach. 2, at 2, and answers "no" to the question: "Have you received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.*, your grievance)?" *Id*.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Complaint should be summarily dismissed because it is clear from the face of the pleading that he failed to fully exhaust his administrative remedies as required by 42 U.S.C. § 1997e before filing this *Bivens* action. Regarding the exhaustion requirement, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit when it enacted the Prison Litigation Reform Act of 1996 (the "PLRA"). The PLRA amended § 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. § 1997e(a).

Accordingly, before Plaintiff may proceed with his improper-segregation claim in this Court, he must first exhaust his administrative remedies with respect to this specific claim. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense and not a jurisdictional infirmity in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services, Inc*, 407 F. 3d 674, 683 (4th Cir. 2005).

The steps for the BOP's administrative grievance system are found in the agency's regulations at 28 C.F.R. § 542 *et seq.* Prior to an "appeal" to the Regional Director, there are two institutional

3

steps to the BOP grievance process. There is nothing on the face of the Complaint to show that Plaintiff undertook or participated in either of these institution-based steps before he sent "a letter" to the Regional Director on the same day he placed his Complaint in the mail. This absence of facts showing full participation in the administrative process, coupled with Plaintiff's own statement that he did not receive a final answer to his "letter" to the Regional Director before filing this lawsuit, makes the lack of exhaustion of available administrative remedies clear on the face of the pleading and requires summary dismissal of this case. *See* 42 U.S.C. § 1997e; *Anderson*, 407 F. 3d at 683.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 22, 2013  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).